1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MICHAEL N. FEUER**, City Attorney - SBN 111529
**SCOTT MARCUS**, Chief Assistant City Attorney - SBN 184980
**CORY M. BRENTE**, Senior Assistant City Attorney – SBN 115453
**COLLEEN R. SMITH**, Deputy City Attorney – SBN 209719
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Phone No.: (213) 978-7027; Fax No.: (213) 978-8785
Email: colleen.smith@lacity.org

*Attorneys for Defendants* **CITY OF LOS ANGELES, SERGEANT DAN WIDMAN, OFFICER SCOTT, OFFICER JUAN GALVAN, OFFICER SIERRA AND OFFICER KELLY**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE MENDOZA, RAYMUND MENDOZ, and MARJORIE MARINO, as Administrators of the Estate of Rommel Mendoza, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF LOS ANGELES, public entity, OFFICER DANIEL HARTY, SERGEANT J. HARDACKER, SERGEANT DAN WIDMAN, OFFICER SCOTT, OFFICER JUAN GALVAN, OFFICER SIERRA, OFFICER KELLY, and DOES 1-30, <br><br> Defendants. | **CASE NO.: CV21-04614 KS** <br> *Hon. Mag. Karen L. Stevenson, Crtm. 580* <br><br> **DEFENDANTS CITY OF LOS ANGELES, SERGEANT DAN WIDMAN, OFFICER SCOTT, OFFICER JUAN GALVAN, OFFICER SIERRA AND OFFICER KELLY'S MOTION FOR JUDGMENT ON THE PLEADINGS [FRCP 12(c)]** <br><br> **[Filed concurrently with [Proposed] Order]** <br><br> **DATE:  May 11, 2022** <br> **TIME:   10:00 a.m.** <br> **CTRM:  580, Roybal Building** |

**TO THE ABOVE-ENTITLED COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE THAT** on May 11, 2022 at 10:00 a.m. before the Honorable Karen L. Stevenson, United States Magistrate Judge, located at the Roybal Federal Building and Courthouse, 255 E. Temple St., Los Angeles, CA, 90012, Courtroom 580, 5th Floor, **DEFENDANTS CITY OF LOS ANGELES, SERGEANT DAN WIDMAN, OFFICER SCOTT, OFFICER JUAN GALVAN, OFFICER SIERRA AND OFFICER KELLY** (hereinafter "City Defendants") will move this Court to dismiss the Complaint of Plaintiffs YVONNE MENDOZA, RAYMUND MENDOZ, and MARJORIE MARINO, as Administrators of the Estate of Rommel Mendoza, against Defendants for failure to state a claim for relief based on the following grounds:

1.      Plaintiffs' state law negligent claim against Defendants City of Los Angeles, Sergeant Dan Widman, Officer Scott, Officer Juan Galvan, Officer Sierra and Officer Kelly (Fourth Claim) must be dismissed without leave to amend, because Plaintiffs have not, and cannot, state facts sufficient to support this claim against these moving Defendants.

2.      Plaintiffs' state law Bane Act (Cal. Civ. Code §52.1) claim against Defendants City of Los Angeles, Sergeant Dan Widman, Officer Scott, Officer Juan Galvan, Officer Sierra and Officer Kelly (Fifth Claim) must be dismissed without leave to amend, because Plaintiffs have not, and cannot, state facts sufficient to support this claim against these moving Defendants.

3.      Plaintiffs' *Monell* claims against Defendant City (Second Claim) must be dismissed without leave to amend, because Plaintiffs have not, and cannot, allege sufficient facts to support this claim against Defendant City.

4.      The corresponding prayer for punitive damages against these moving Defendants also must be dismissed as there are no facts upon which to seek punitive

1

DEFENDANTS CITY OF LOS ANGELES, SERGEANT DAN WIDMAN, OFFICER SCOTT, OFFICER JUAN GALVAN, OFFICER SIERRA AND OFFICER KELLY'S MOTION FOR JUDGMENT ON THE PLEADINGS [FRCP 12(c)]

1    damages against them.

2        Local Rule 7-3 has been complied with through a telephonic conference of

3    counsel on March 7, 2022.

4        This motion to dismiss will be based upon this notice, the accompanying

5    Memorandum of Points and Authorities, the Court's file and such further oral and/or

6    documentary evidence as may be presented at or before the time of the hearing on this

7    motion.

8

9    Dated: March 29, 2022          **MICHAEL N. FEUER**, City Attorney
10                                   **SCOTT MARCUS,** Chief Assistant City Attorney
                                     **CORY M. BRENTE,** Senior Assistant City Attorney
11                                   **COLLEEN R. SMITH**, Deputy City Attorney

12
                                     By: ___ */s/ Colleen R. Smith* _____
13                                        **COLLEEN R. SMITH**, Deputy City Attorney
14
                                     Attorneys for Defendants, **CITY OF LOS ANGELES,**
15                                   **SERGEANT DAN WIDMAN, OFFICER SCOTT,**
                                     **OFFICER JUAN GALVAN, OFFICER SIERRA**
16                                   **AND OFFICER KELLY**
17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS CITY OF LOS ANGELES, SERGEANT DAN WIDMAN, OFFICER SCOTT, OFFICER JUAN
GALVAN, OFFICER SIERRA AND OFFICER KELLY'S MOTION FOR JUDGMENT ON THE PLEADINGS [FRCP
12(c)]

1
2

# **TABLE OF CONTENTS**

I.    INTRODUCTION AND ALLEGATIONS AGAINST MOVING
      DEFENDANTS. ................................................................................1

II.    STANDARD UNDER FRCP 12(c). .................................................3

III.    RELEVANT ALLEGATIONS AGAINST MOVING DEFENDANTS............4

IV.    THE COMPLAINT FAILS TO STATE A COGNIZABLE NEGLIGENCE
       CLAIM AGAINST MOVING DEFENDANTS.................................................6

       A.    The Complaint Fails to State A Negligence Claim Against the Individual
             Moving Defendants, and This Claim Should Be Dismissed. ..................7

       B.    The Complaint Fails to State a Negligence Claim Directly Against the
             City, and This Claim Also Should Be Dismissed. ................................10

V.    THE COMPLAINT FAILS TO STATE A COGNIZABLE BANE ACT
      CLAIM AGAINST MOVING DEFENDANTS.............................................12

VI.    THE COMPLAINT FAILS TO PLEAD FACTS UPON WHICH TO ALLOW
       THE PURSUIT OF PUNITIVE DAMAGES AGAINST THESE
       DEFENDANTS. ................................................................................13

VII.    THE COMPLAINT FAILS TO STATE A *MONELL* CLAIM AGAINST
        DEFENDANT CITY. .......................................................................15

        A.    Requirements to Support a Theory Under *Monell*. ................................15

        B.    The Complaint In This Case. ................................................................19

VIII.    PLAINTIFFS SHOULD NOT BE GRANTED LEAVE TO AMEND, AS
         AMENDMENT IS FUTILE AND ANY AMENDMENT WOULD
         POTENTIALLY VIOLATE FRCP RULE 11. ................................................20

IX.    CONCLUSION. ................................................................................21

26
27
28

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*AE ex rel. Hernandez v. County of Tulare*,
    666 F.3d 631, 637 (9th Cir. 2012) ..........................................................................15

*Ankeny v. Lockheed Missiles & Space Co.*,
    88 Cal.App.3d 531 (Cal.Ct.App. 1979) ...............................................................11

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).................................................................................................3

*Bd. of Cnty. Comm'rs v. Brown*,
    520 U.S. 397 (1997)..........................................................................................15, 18

*Berman v. Sink*,
    2013 U.S. Dist. LEXIS 75443 (E.D. Cal. 2013) ................................................12

*Biltgen v. City of San Mateo*,
    127 Cal.App.2d 474 (Cal.Ct.App. 1954)..............................................................11

*Caldwell v. Montoya*,
    10 Cal.4th 972 (Cal.Ct. 1995).............................................................................10

*Carter v. City of Carlsbad*,
    799 F. Supp. 2d 1147 (S.D. Cal. 2011) .................................................................6

*Castro v. Cnty. of Los Angeles*,
    833 F.3d 1060 (9th Cir. 2016) ..............................................................................18

*Cerna v. City of Oakland*,
    161 Cal.App.4th 1340 (Cal.Ct.App. 2008)............................................................6

*Christie v. Iopa*,
    176 F.3d 1231 (9th Cir.1999) ..............................................................................17

*City of Canton, Ohio v. Harris*,
    489 U.S. 378 (1989)..................................................................................15, 17, 18

*City of Oklahoma City v. Tuttle*,

    471 U.S. 808 (1985)...................................................................... 16, 17, 18-19

*City & Cty. of San Francisco, Calif. v. Sheehan,*

    135 S. Ct. 1765 (2015)...................................................................... 17-18, 18

*City of St. Louis v. Praprotnik*,

    485 U.S. 112 (1988)....................................................................................17

*Clouthier v. Cnty. of Contra Costa*,

    591 F.3d 1232 (9th Cir. 2010) ...................................................................18

*College Hospital v. Sup. Ct.*,

    8 Cal.4th 794 (Cal.Ct. 1994).....................................................................14

*Connick v. Thompson*,

    563 U.S. 51 (2011).....................................................................................19

*Conway v. County of Tuolumne*,

    231 Cal. App. 4th 1005, 2014 Cal. App. LEXIS 1076 (Cal. App. 5th Dist. Nov. 24, 2014) ...............................................................................................10

*Cornell v. City and Cty of San Francisco*,

    17 Cal.App.5th 766 (Cal. Ct. App. 2017)..................................................13

*Cunningham v. Gates*,

    229 F.3d 1271 (9th Cir. 2000) .....................................................................8

*David v. City of Fremont*,

    2006 U.S. Dist. LEXIS .................................................................................6

*Davis v. City of Ellensburg*,

    869 F.2d 1239 (9th Cir. 1989) ...................................................................18

*Dawes v. Sup.Ct.*,

    111 Cal.App.3d 82 (Cal.Ct.App. 1980)....................................................14

*de Villers v. County of San Diego*,

    156 Cal.App.4th 238 (2007) ...........................................................1, 11, 12

*Delfino v. Agilent Technologies, Inc.*,
  145 Cal.App.4th 790 (Cal.Ct.App. 2006) ................................................................9

*Dworkin v. Hustler Magazine Inc.*,
  867 F.2d 1188 (9th Cir. 1989) .................................................................................3

*Eastburn v. Regional Fire Protection Auth.*,
  31 Cal. 4th 1175 (Cal.Ct. 2003) ..............................................................................8

*Fernelius v. Pierce*,
  22 Cal.2d 226 (Cal.Ct. 1943) ..................................................................................9

*Gates v. Superior Court*,
  32 Cal.App.4th 481 (Cal.Ct.App. 1995) ..................................................................6

*Gillette v. Delmore*,
  979 F.2d 1342 (9th Cir.1992) ................................................................................18

*Harris v. Cty. of Orange*,
  682 F.3d 1126 (9th Cir. 2012) .................................................................................4

*Hayes v. Cnty. of San Diego*,
  57 Cal. 4th 622 (Cal.Ct. 2013) ...................................................................7, 8, 11

*Hernandez v. City of Pomona*
  46 Cal. 4th 501, 513 (Cal.Ct. 2009) .....................................................................6, 7

*Hibbs v. Los Angeles County Flood Control Dist.*,
  252 Cal.App.2d 166 (Cal.Ct.App. 1967) .................................................................9

*Hilts v. County of Solano*
  265 Cal.App.2d 161 (Cal.Ct.App. 1968) ...............................................................11

*Jackson v. Barnes*,
  749 F.3d 755 (9th Cir. 2014) .................................................................................16

*Jett v. Dallas Indep. Sch. Dist.*,
  491 U.S. 701 (1989)................................................................................................17

*Koussaya v. City of Stockton*,
  54 Cal.App.5th 909 (Cal.Ct.App. 2020) ...............................................................11

iv
TABLE OF AUTHORITIES

*Lehto v. City of Oxnard,*

    171 Cal.App.3d 285 (Cal.Ct.App. 1985) ...................................................6

*Lopez v. Southern Cal. Rapid Transit Dist.,*

    40 Cal.3d 780 (Cal.Ct. 1985) ...................................................................11

*Lujano v. County of Santa Barbara,*

    190 Cal.App.4th 801 (Cal.Ct.App. 2010) ................................................8

*Lytle v. Carl,*

    382 F.3d 978 (9th Cir.2004) ....................................................................17

*McGlinchey v. Shell Chemical Co.,*

    845 F.2d 802 (9th Cir. 1988) .....................................................................4

*Merritt v. County of Los Angeles,*

    875 F.2d 765 (9th Cir. 1989) ...................................................................17

*Michel v. Smith,*

    188 Cal. 199, 202 (Cal.Ct. 1922) .............................................................7

*Milne ex rel. Coyne v. Stephen Slesinger, Inc.,*

    430 F.3d 1036 (9th Cir. 2005) ...................................................................3

*Mittenhuber v. City of Redondo Beach,*

    142 Cal.App.3d 1 (Cal.Ct.App. 1983) ....................................................11

*Monell v. Dep't of Soc. Servs. of City of New York,*

    436 U.S. 658 (1978) ...............................................1, 2, 15, 16, 17, 18, 20

*Munoz v. City of Union City,*

    120 Cal.App.4th 1077 (2004) ...........................................1, 6, 9, 10, 11

*Nunn v. State of California*

    35 Cal.3d 616 (Cal.Ct. 1984) ..................................................................10

*Pac. W. Grp., Inc. v. Real Time Sols., Inc.,*

    321 F. App'x 566 (9th Cir. 2008) ..............................................................4

*Pembaur v. City of Cincinnati,*

    475 U.S. 469 (1986) ...........................................................................16, 17

*People v. ex rel. Dept. of Transportation v. Superior Court*,

    5 Cal. App. 4th 1480 (Cal.Ct.App. 1992)..................................................11

*Pfeifer v. John Crane, Inc.*,

    220 Cal.App.4th 1270 (Cal.Ct.App. 2013)................................................14

*Reese v. Cnty. of Sacramento*,

    888 F.3d 1030 (9th Cir. 2018) ............................................................12, 13

*Screws v. United States*,

    325 U.S. 91 (1945)..................................................................................13

*Searcy v. Hemet Unified School Dist.*,

    177 Cal.App.3d 792 (Cal.Ct.App. 1986) ................................................11

*Sheehan v. City & Cnty, of San Francisco*,

    741 F.3d 1211 (9th Cir. 2014), ........................................................17, 18

*Shoyoye v. County of Los Angeles*,

    203 Cal.App.4th 947 (Cal. Ct. App. 2012)..............................................13

*Skeels v. Pilegaard*,

    2013 U.S. Dist. LEXIS 34302 (N.D. Cal. 2013) .....................................12

*Soliz v. Williams*,

    74 Cal.App.4th 577 (Cal.Ct.App. 1999)....................................................6

*Starr v. Baca*,

    652 F.3d 1202 (9th Cir. 2011) ................................................................15

*Szajer v. City of L.A.*,

    2008 WL 11350227 (C.D. Cal. Nov. 12, 2008), 632 F.3d 607 (9th Cir. 2011).....19

*Taylor v. Sup. Ct.*,

    24 Cal.3d 890 (Cal.Ct. 1979)..................................................................14

*Thompson v. County of Alameda*,

    27 Cal.3d 741 (Cal.Ct. 1980)..................................................................10

*Ting v. U.S.*,

    927 F.2d 1504 (9th Cir. 1991) ..................................................................8

TABLE OF AUTHORITIES

*Trevino v. Gates*,

    99 F.3d 911 (9th Cir. 1996) ........................................................................17

*Tsao v. Desert Palace, Inc.*,

    698 F.3d 1128 (9th Cir.2012) ....................................................................18

*Venegas v. County of Los Angeles*,

    32 Cal.4th 820 (Cal.Ct. 2004)...................................................................12

*Vickers v. U.S.*,

    228 F.3d 944 (9th Cir. 2000) ....................................................................10

*Wettstein v. Cnty. Of Riverside*,

    No. EDCV19-01298 JGB, 2020 U.S. Dist. LEXIS 81978, 2020 WL 2199005

    (C.D. Cal. Jan. 22, 2020) ..........................................................................16

**Statutes**

42 U.S.C. § 1983.............................................................................1, 13, 15, 18

Cal. Civ. Code §52.1 – Bane Act....................................................1, 2, 12, 13, 14, 20

Cal. Civ. Code §1714..........................................................................10

Cal. Civ. Code §3294..........................................................................14

Cal. Gov. Code § 810...........................................................................6

Cal. Gov. Code §815(a).......................................................................10

Cal. Gov. Code § 815.2........................................................................7

Cal. Gov. Code §818...........................................................................13

Cal. Gov. Code §820.2.......................................................................9, 10

Cal. Gov. Code § 820.8......................................................................7, 12

Cal. Gov. Code §845...........................................................................8

1

**Other Authorities**

2

CACI 440 and 441 ..................................................................................7, 8

3

FRCP rule 8 .....................................................................................2, 15, 19

4

      rule 11 .....................................................................................3, 20

5

      rule 12(b)(6)............................................................................3, 4

6

      rule 12(c)............................................................................3, 4, 21

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TABLE OF AUTHORITIES

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.    INTRODUCTION AND ALLEGATIONS AGAINST MOVING**

3

**DEFENDANTS.**

4

This case arises from an officer-involved shooting that occurred on May 27, 2020

5

and resulted in the death of Rommel Mendoza.  Plaintiffs filed a civil rights complaint

6

against some of the responding officers asserting the following causes of action: "1.

7

Violation of Civil Rights – Excessive Force – 42 U.S.C. § 1983"; "2. Violation of Civil

8

Rights – Unlawful Custom, Policy, Practice, Training, and Supervision – 42 U.S.C.

9

§1983"; "3. Battery"; "4. Negligence"; and "5. Violation of Bane Act – Cal. Civ. Code

10

§52.1".

11

Plaintiffs allege that "this civil action seeks compensatory and punitive damages

12

from Defendants for the violation of various rights under the United States Constitution

13

in connection with <u>Defendant Daniel Harty's shooting of Rommel</u>."  *See* Complaint[1],

14

¶5, emph. added.  Plaintiffs further allege that "Defendant Daniel Harty. . . he violated

15

Rommel's civil rights by fatally shooting Rommel."  *See* Complaint, ¶16.  Plaintiffs

16

clearly allege that their lawsuit arises from Officer Harty's *sole* use of alleged excessive

17

lethal force against Rommel Mendoza and that no other Defendants used lethal force

18

against Rommel Mendoza.  The only claimed damages are based on the death of

19

Rommel Mendoza and damages flowing therefrom.

20

Plaintiffs further allege that *all* Defendants were negligent (i.e., negligent failure

21

to train[2], integral participants and failure to intervene) and that *all* Defendants violated

22

Rommel Mendoza's rights under California Civil Code §52.1.  Plaintiffs allege that

23

Defendant City also is liable under *Monell* based on an alleged unconstitutional custom,

24

25

---

26

[1]    The complaint referenced herein is Docket No. 1.

27

[2]    A cause of action for negligent hiring, supervision or retention against a public entity does not exist under California law.  *de Villers v. County of San Diego*, 156 Cal.App.4th 238, 252-56 (2007); *Munoz v. City of Union City*, 120 Cal.App.4th 1077, 1110-1113 (2004).

28

practice or policy and based on alleged failure to train/supervise its officers and vicariously liable under state law.

Here, Plaintiffs have not complied with the notice requirement of FRCP rule 8. The Complaint asserts nothing more than conclusory purported factual statements, which are in effect legal conclusions. The Complaint also merely recites elements of the causes of action, which does not comport with FRCP rule 8.

As to these moving Defendants[3], Plaintiffs allege, in conclusory fashion, that they each "violated Rommel' civil rights by directing the fatal shooting of Rommel." *See* Complaint, ¶¶18, 19, 20, 21 and 22. Specifically, Plaintiffs assert only claims based on theories of negligence and violation of Cal. Civ. Code §52.1 against Defendants Sergeant Dan Widman, Officer Scott, Officer Juan Galvan, Officer Sierra and Officer Kelly. *See* Complaint, Fourth Claim for Negligence and Fifth Claim for Violation of Cal. Civ. Code §52.1 at pp. 22-25. Plaintiffs cannot state a claim against these Defendants for negligence as they did not shoot Rommel Mendoza and there are no other grounds on which to assert a negligence claim against them. Being present at the scene and concurring in where the "threshold" is located are insufficient grounds on which to state a negligence claim. These moving Defendants did not have a duty to Plaintiffs and/or Rommel Mendoza and they did not breach any duty. Section 52.1 also does not apply under these facts, as these moving Defendants did not take any actions directly towards Rommel Mendoza, and they did not act with the requisite specific intent under Section 52.1. Plaintiffs cannot plead around these facts and the law.

The Complaint also fails to allege a claim under *Monell* against Defendant City. Plaintiffs allege that other incidents were officers were found to be out of policy "illustrate the use of excessive deadly force" based on unconstitutional customs, policies and practices. *See* Complaint, ¶27 and its subparts. These illustrations clearly allege that these incidents were deemed "out of policy"; and thus, they cannot logically

---

[3] Each of these moving Defendants are being sued in their individual capacities. *See* Complaint, ¶29.

support a claim for an alleged unconstitutional policy. Additionally, the failure to train theory fails as Plaintiffs admit that Officer Harty had more training than other patrol officers, and a single incident is insufficient to support a claim based on failure to train. The ratification claim also fails as there are no fact on which to base a ratification claim.

The prayer for punitive damages also should be dismissed as to these moving Defendants as there are no facts upon which to seek punitive damages against them.

The Complaint as to these moving Defendants should be dismissed without leave to amend. The facts known to and readily available to Plaintiffs, show the Complaint could not be amended to state a legally cognizable claim and without possibly violating FRCP rule 11 as well.

## II.   STANDARD UNDER FRCP 12(c).

After the pleadings are closed but early enough not to delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). The standard applied on a Rule 12(c) motion is essentially similar to that applied on Rule 12(b)(6) motions. *Milne ex rel. Coyne v. Stephen Slesinger, Inc*., 430 F.3d 1036, 1042 (9th Cir. 2005). Indeed, the standards for motions to dismiss for failing to state a claim under Rule 12(b)(6) and Rule 12(c) are "functionally identical." *Dworkin v. Hustler Magazine Inc*., 867 F.2d 1188, 1192 (9th Cir. 1989).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

When deciding a motion for judgment on the pleadings, the Court should assume the allegations in the complaint are true and construe them in the light most favorable

to the plaintiff. *McGlinchey v. Shell Chemical Co*., 845 F.2d 802, 810 (9th Cir. 1988). "[C]onclusory allegations without more are insufficient to defeat a motion [for judgment on the pleadings]." *Id*.

The standard for granting leave to amend under Rule 12(c) is identical to Rule 12(b)(6). *Pac. W. Grp., Inc. v. Real Time Sols., Inc*., 321 F. App'x 566, 569 (9th Cir. 2008). Thus, dismissal with prejudice and without leave to amend is appropriate where it is clear that the complaint could not be saved by amendment. *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012).

## III.  **<u>RELEVANT ALLEGATIONS AGAINST MOVING DEFENDANTS.</u>**

Plaintiffs specifically allege the following as to these moving Defendants:

• **<u>Sergeant Widman</u>**: "Sergeant Hardaker advised a newly arrived supervisor, Sergeant Widman, that Rommel had assaulted two officers with a deadly weapon and was potentially armed with a rifle." Complaint, ¶72. "Sergeant Widman would manage tactics." Complaint, ¶80. "No officers in the Vanguard, including Sergeants Hardaker and Widman, questioned the concept of a 'threshold' or sought clarification of its meaning." Complaint, ¶121.

• **<u>Officer Scott</u>**: "Officer Scott took up position several feet away from Officer Harty, behind a grey vehicle parked on the curb." Complaint, ¶86. "Officer Scott, aiming his rifle at Rommel on Elmer Avenue, asked the officer behind him, Officer Galvan, to '[f]ind out from the Sergeant what's our threshold, how far are we gonna let him go?'" Complaint, ¶104. Officer Scott was referring to how far Rommel would be allowed to walk before the LAPD would shoot him. Complaint, ¶105. Sergeant Hardaker admonished the officers around Officer Suarez-Alvarez, including Officers Scott, Sierra, and Harty, to back up and remain in cover. Complaint, ¶103. "Officer Scott remained facing forward while aiming his rifle at Rommel." Complaint, ¶108. "As Officer Galvan finished his question, Officer Scott spoke over him and said, 'Hey, Juan! I'm saying the white SUV is our threshold!'" Complaint, ¶110. "Officer Galvan immediately turned to the other officers, including Officer Harty, and yelled,

4

MEMORANDUM OF POINTS AND AUTHORITIES

'Hey, white SUV is the threshold!'" Complaint, ¶111. "Officer Scott repeated out loud 'White SUV is the threshold!' to ensure every officer was aware of the established threshold for shooting Rommel." Complaint, ¶118.

- **Officer Kelly:** "Officer Kelly stood several feet behind Officers Scott and Harty." Complaint, ¶87. "Officers Sierra and Kelly ordered Officer Suarez-Alvarez to the front of the Vanguard, next to Officer Harty, by saying '40 up. 40 up.'" Complaint, ¶127. "As Officer Suarez-Alvarez took aim at Rommel, Officer Kelly put a hand on Officer Suarez-Alvarez's shoulder." Complaint, ¶130. "Officer Kelly said, 'If he gets within range, hit him!'" Complaint, ¶139. "Similarly, Officer Kelly screamed, 'Go! Go! Go! Go!'" Complaint, ¶141.

- **Officer Sierra:** "Officer Sierra, who was standing next to Officer Harty, told Sergeant Hardaker, 'Hey, let's get a beanbag up here or a 40.'" Complaint, ¶97 and *see also* ¶100. "Officers Sierra and Kelly ordered Officer Suarez-Alvarez to the front of the Vanguard, next to Officer Harty, by saying '40 up. 40 up.'" Complaint, ¶127.

- **Officer Galvan:** "Officer Galvan turned toward Sergeant Hardaker and yelled, 'Searg, how far we gonna let him go?'" Complaint, ¶106. "After receiving no response from Sergeant Hardaker, Officer Galvan turned back to Officer Scott and asked, 'Do we hit him with a 40?'" Complaint, ¶109. "Officer Galvan yelled, 'Hey, wanna try to hit him with the 40 first!? Yea?'" Complaint, ¶137. "Officer Galvan screamed, 'Hit him! Hit him! Do it now! Do it now!'" Complaint, ¶140.

Moreover, Plaintiffs allege that "Based on his training and the establishment of the white SUV as a threshold for the use of deadly force, Officer Harty fired his rifle and struck Rommel in the chest from approximately eighty (80) feet away." Complaint, ¶142. "Almost simultaneously, Officer Suarez-Alvarez fired his less-lethal launcher and missed." Complaint, ¶143.

///
///

## IV.    THE COMPLAINT FAILS TO STATE A COGNIZABLE NEGLIGENCE CLAIM AGAINST MOVING DEFENDANTS.

"[C]laims against public employees [or public entities] [are] controlled by the California Tort Claims Act [Gov. Code §§ 810]," which abrogates the usually permissive rules of pleading and requires "'every fact material to the existence of [Defendants'] statutory liability must be pleaded with particularity.'" *Gates v. Superior Court*, 32 Cal.App.4th 481, 494 (Cal.Ct.App. 1995), quoting *Lopez v. Southern Cal. Rapid Transit Dist.*, 40 Cal.3d 780, 795 (Cal.Ct. 1985); accord *Soliz v. Williams*, 74 Cal.App.4th 577, 584 (Cal.Ct.App. 1999).  When alleging liability based upon a statute, this requires at a minimum, that the litigant "specifically allege the applicable statute or regulation" that was allegedly violated.  *Lehto v. City of Oxnard*, 171 Cal.App.3d 285, 292–293 (Cal.Ct.App. 1985); *Cerna v. City of Oakland*, 161 Cal.App.4th 1340, 1350 (Cal.Ct.App. 2008) [applying rule to both mandatory duty and negligence *per se* claims].)  The pleadings therefore limit the statutory duties Plaintiffs may assert at trial.

"Negligence involves the violation of a legal duty . . . by the Defendants to the person injured, e.g., the deceased in a wrongful death action." Id. The elements of a negligence claim are (1) duty owed to the decedent, (2) breach of that duty, (3) causal connection, and (4) actual loss. *Id.*  California Courts judge claims of negligent use of force by the same standards as they would use to evaluate whether there was a Fourth Amendment violation. "Negligence claims stemming from allegations of excessive force by a police officer are . . . analyzed under the Fourth Amendment's reasonableness standard." *Carter v. City of Carlsbad,* 799 F. Supp. 2d 1147, 1164 (S.D. Cal. 2011) (citing *Atkinson v. Cnty. of Tulare*, 790 F. Supp. 2d 1188, 1211 (E.D. Cal. 2011) (noting that negligence is "measured by the same reasonableness standard of the Fourth Amendment."); *see also, Hernandez v. City of Pomona* 46 Cal. 4th 501, 513 (Cal.Ct. 2009); *David v. City of Fremont,* 2006 U.S. Dist. LEXIS at *63 (*citing Munoz v. City of Union City* (2004) 120 Cal.App.4th 1077, 1102-6).  The same consideration of the

totality of the circumstances required by Graham and Garner is required in determining reasonableness under California negligence law. *Hernandez, supra,* at 514.

Plaintiffs allege that *all* Defendants, including the City, were negligent (i.e., negligent use of force, negligent failure to train, integral participants and failure to intervene). This claim is only being brought by Plaintiffs in their representative capacity and seeks survival damages, i.e. the damages that Rommel Mendoza would have for the injuries *he* allegedly sustained. *See* Complaint, ¶181. Plaintiffs further alleged that "Defendant LOS ANGELES is vicariously liable for the wrongful, intentional and/or negligent acts of Defendant HARTY pursuant to California Government Code § 815.2,. . .." *See* Complaint, ¶182.

A.    **The Complaint Fails to State A Negligence Claim Against the Individual Moving Defendants, and This Claim Should Be Dismissed.**

In California, the general rule is that there is no respondeat superior liability between colleagues who are public employees. California Government Code § 820.8 states that "a public employee is not liable for an injury caused by the act or omission of another person." A police chief ". . . may even be charged with the duty of selecting the members of the force, but he is not responsible for their acts, unless he has directed such acts to be done, or has personally co-operated in the offense, for each policeman is, like himself, a public servant." *Michel v. Smith,* 188 Cal. 199, 202 (Cal.Ct. 1922). Thus, a negligence claim cannot be asserted against the individual moving Defendants for what some other officer, including Officer Harty, did or did not do during this incident.

To support their claim of negligence against the individual Defendants, Plaintiffs must allege sufficient facts showing that each defendant, individually, 1) had a legal duty to use care, 2) that the individual defendant breached that duty by acting unreasonably, and 3) that the breach was the proximate or legal cause of the resulting injury. *Hayes v. Cnty. of San Diego*, 57 Cal. 4th 622, 629 (Cal. Ct. 2013); *see also* CACI 440 and 441. Where the only resulting injury alleged is the death of the suspect

due to an alleged improper use of deadly force, a negligence claim cannot be based solely on the preshooting conduct of the individual officer.  *Id.* at 631.  As set forth in *Hayes*, preshooting conduct is only relevant to determining whether the shooting itself was reasonable under the totality of the circumstances.  *Id.*  *Hayes* does not hold or opine in any way on whether a police officer that did not actually use the deadly force can somehow be held liable for the shooting officer's use of deadly force.  It would be a stretch to make such arguments and inapposite to California law on negligence.

Here, all of the damages claimed herein flow from the death of Rommel Mendoza, and allegedly would not have been incurred but for his death.  There are no alleged injuries resulting from the preshooting conduct itself, and Plaintiffs cannot state any.  Accordingly, a negligence claim cannot be asserted against each individual moving Defendant based on that individual's alleged preshooting conduct because that individual did not shoot Rommel Mendoza.

Additionally, Plaintiffs have not pled sufficient facts to support a claim that the individual Defendants owe a duty to Rommel Mendoza, and thereby Plaintiffs, or that they breached any alleged duty by acting unreasonably.  "As a general principle, an individual has no duty to come to the aid of another."  *Williamson, 2012 U.S. Dist. LEXIS 54063, 2012 WL 1327860, at *5*.  Thus, there is no legal duty to intervene.  There also is no statutory right to police services.  *See* Cal. Gov. Code §845; *Eastburn v. Regional Fire Protection Auth.*, 31 Cal. 4th 1175, 1183 (Cal.Ct. 2003).  There also is no legal duty to request specific police personnel to respond to an incident.  A duty to intervene does not arise until a person's constitutional rights are being violated in the officer's presence, coupled with sufficient time and an opportunity to intervene.  *Lujano v. County of Santa Barbara*, 190 Cal.App.4th 801, 809 (Cal.Ct.App. 2010).  Even under federal law, the officer has to know that a constitutional violation is occurring <u>and</u> have the opportunity to intervene.  *See Cunningham v. Gates,* 229 F.3d 1271, 1289 (9th Cir. 2000); *Ting v. U.S.*, 927 F.2d 1504, 1511 (9th Cir. 1991).  In the context of a shooting which happens in split seconds, as here, there is no opportunity to intervene.

The Complaint fails to set forth any legal basis on which the individual Defendants allegedly failed to intervene or negligently participated. *See* Complaint, ¶180. There also is no causal link, and none can be asserted, between the individual Defendants' alleged negligent conduct and the alleged resulting harm to Rommel Mendoza.

Further, Plaintiffs cannot state a claim against the individual Defendants for negligent training/supervision/hiring. "Liability for negligent supervision and/or retention of an employee is one of direct liability for negligence, not vicarious liability." *Delfino v. Agilent Technologies, Inc.*, 145 Cal.App.4th 790, 815 (Cal.Ct.App. 2006) (citations omitted). In a negligent hiring/retention cause of action, the neglect alleged is not that of the employee. The neglect pled is that of the employer itself. *Fernelius v. Pierce*, 22 Cal.2d 226, 233 (Cal.Ct. 1943). Public entities must always act through individuals, and the decision by an individual on behalf of the entity is still properly considered a decision by the entity, not the individual. *See, e.g., Munoz, supra,* 120 Cal.App.4th at 1113 [because "public entities always act through individuals" alleging individual liability for an agency's decision "would render the distinction between direct and vicarious liability completely illusory in all cases except where the employer is an individual"]; *accord Hibbs v. Los Angeles County Flood Control Dist.*, 252 Cal.App.2d 166, 173 (Cal.Ct.App. 1967) [even if a public entity's chief executive could order protective measures, liability for agency-level decisions should attach to the public entity, not the individual, who would in any event be immune for his or her discretionary decisions].)

Even assuming that Plaintiffs could state a claim for negligence against the individual Defendants – which Plaintiffs cannot – Cal. Gov. Code § 820.2 provides the immunity for their alleged conduct. Public employees are "not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, ***whether or not such discretion be abused***." (Cal. Gov. Code § 820.2 [emphasis added].) Decisions that require "comparisons,

choices, judgments, and evaluations" comprise "the very essence of the exercise of 'discretion' and … are immunized under section 820.2." *Thompson v. County of Alameda*, 27 Cal.3d 741, 749 (Cal.Ct. 1980). The methods used to effectuate a detention and/or an arrest are discretionary choices and are subject to the immunity conferred by §820.2. *Conway v. County of Tuolumne*, 231 Cal. App. 4th 1005, 2014 Cal. App. LEXIS 1076 (Cal. App. 5th Dist. Nov. 24, 2014).

The Complaint also does not plead sufficient facts to support a claim for failure to train. Even if it did, Cal. Gov. Code §820.2 also provides immunity to public entities and public employees for training related decisions. *Nunn v. State of California* 35 Cal.3d 616, 622 (Cal.Ct. 1984) [state was required to implement a firearm training course but the choice of what training to provide was immunized]; *accord Caldwell v. Montoya*, 10 Cal.4th 972, 988 (Cal.Ct. 1995) [discretionary immunity applied "liberally to protect the officials of public agencies, such as school districts" to leave "public officials free of unseemly judicial interference against them personally when they debate and render those basic policy *and personnel decisions* entrusted to their independent judgment."]; *Vickers v. U.S.*, 228 F.3d 944, 950 (9th Cir. 2000) [discretionary acts include "decisions relating to the hiring, training, and supervision of employees usually involve policy judgments"].)

Accordingly, all of the negligence claims against these moving Defendants should be dismissed without leave to amend.

**B.**   **The Complaint Fails to State a Negligence Claim Directly Against the City, and This Claim Also Should Be Dismissed.**

Under California law, all government tort liability is dependent on the existence of an authorizing statute. Cal. Gov. Code §815(a). "[D]irect tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating a specific duty of care, and not on the general tort provisions of Civil Code section 1714." *Munoz v. City of Union City*, 120 Cal.App.4th 1077, 1112 (Cal.Ct.App. 2004), quoting *Eastburn v. Regional Fire Protection Auth.*, 31 Cal.4th 1175, 1183

(Cal.Ct. 2003); *Hilts v. County of Solano* 265 Cal.App.2d 161, 171 (Cal.Ct.App. 1968) ["The cases do make plain, however, that a verdict against a county must be overturned if it is erroneously based on a negligence theory."].

As set forth above, California law requires that to state a cause of action against a public entity every fact essential to the existence of statutory liability must be pled with particularity, including the existence of a statutory duty. *See Searcy v. Hemet Unified School Dist.*, 177 Cal.App.3d 792, 802 (Cal.Ct.App. 1986); *Lopez v. So. Cal. Rapid Trans. Dist.*, 40 Cal. 3d 780, 795 (Cal.Ct. 1985). "Duty cannot be alleged simply by stating 'defendant had a duty under the law'; that is a conclusion of law, not an allegation of fact. The facts showing the existence of the claimed duty must be alleged." *Searcy*, *supra*, 177 Cal.App.3d at 802. General allegations are regarded as inadequate. *See Mittenhuber v. City of Redondo Beach*, 142 Cal.App.3d 1, 5 (Cal.Ct.App. 1983). Conclusory allegations, unsupported by facts, are also inadequate. *See Ankeny v. Lockheed Missiles & Space Co.*, 88 Cal.App.3d 531, 537 (Cal.Ct.App. 1979); *Biltgen v. City of San Mateo*, 127 Cal.App.2d 474, 475 (Cal.Ct.App. 1954). Ultimately, a plaintiff's failure to plead his cause of action with particularity prejudices the public entity or employee by "depriving it of certain possible defenses." *People v. ex rel. Dept. of Transportation v. Superior Court*, 5 Cal. App. 4th 1480, 1486 (Cal.Ct.App. 1992).

A cause of action for negligent hiring, supervision or retention against a public entity does not exist under California law. *de Villers v. County of San Diego*, 156 Cal.App.4th 238, 252-56 (Cal.Ct.App. 2007); *Munoz v. City of Union City*, 120 Cal.App.4th 1077, 1110-1113 (Cal.Ct.App. 2004). There is no statute authorizing such a claim against a public entity. Consequently, a public entity cannot be liable for not having done more to prevent an incident "either through the promulgation of clearer … procedures, or by better … training and supervision." *Munoz, supra,* 120 Cal.App.4th at 1112, disapproved on other grounds *Hayes v. County of San Diego* (2013) 57 Cal.4th 622, 639; *Koussaya v. City of Stockton*, 54 Cal.App.5th 909, 943 (Cal.Ct.App. 2020)

[no liability for failing "to properly and adequately hire, train, retrain, supervise, and discipline"]. Such a claim may not be asserted against a public entity unless "grounded in the breach of a statutorily imposed duty owed by the entity to the injured party" that mandates the particular training. *de Villers, supra,* 156 Cal.App.4th at 255–256; *see also Berman v. Sink*, 2013 U.S. Dist. LEXIS 75443, at *43 (E.D. Cal. 2013)["There is no dispute that the County is not subject to a direct claim for negligent hiring, retention, supervision, training and staffing"]; *Skeels v. Pilegaard*, 2013 U.S. Dist. LEXIS 34302, at *26 (N.D. Cal. 2013) ["California courts of appeal have held that no statutory basis exists for a claim of direct liability based on a public entity's negligent hiring, policymaking, and supervision"].

## V.    THE COMPLAINT FAILS TO STATE A COGNIZABLE BANE ACT CLAIM AGAINST MOVING DEFENDANTS.

As with the negligence claim, conclusory allegations are insufficient to support a Bane Act claim. Additionally, alleged indirect actions are insufficient to support a Bane Act claim. "The Bane Act civilly protects individuals from conduct aimed at interfering with rights that are secured by federal or state law, where the interference is carried out by threats, intimidation or coercion." *Reese v. Cnty. of Sacramento,* 888 F.3d 1030, 1040 (9th Cir. 2018) (*citations omitted*). As with negligence, Cal. Gov. Code §820.8 precludes any sort of vicarious liability claim between public employees under the Bane Act. The allegations against each individual defendant must be analyzed based on what that individual alone did and not what someone else did or did not do. *See Reyes ex rel. Reyes,* 2013 U.S. Dist. LEXIS 69275, 2013 WL 2147023 at *11 ["indirect actions are insufficient to support [Bane Act] liability."] As such, there is no such concept as "integral participant" or "failure to intervene" under the Bane Act. Merely being present when Officer Harty used lethal force against Rommel Mendoza also is insufficient to hold these moving Defendants liable under the Bane Act. The requirement is that each Defendant *act by threat, intimidation or coercion*. *Reese, supra,* 888 F.3d at 1043-44; *see also Venegas v. County of Los Angeles*, 32 Cal.4th 820,

843 (Cal.Ct. 2004) [Section 52.1 "does not extend to all ordinary tort actions because its provisions are limited to threats, intimidation, or coercion that interfere with a constitutional or statutory right."]; *Shoyoye v. County of Los Angeles*, 203 Cal.App.4th 947, 959 (Cal. Ct. App. 2012) ["the statute was intended only to address only egregious interferences with constitutional rights, not just any tort."].

In addition, the Bane Act requires that the defendant had a specific intent to violate the person's constitutional rights. *Screws v. United States*, 325 U.S. 91 (1945); *Cornell v. City and Cty of San Francisco*, 17 Cal.App.5th 766, 791-92 (Cal. Ct. App. 2017); *Reese, supra,* 888 F.3d at 1043-1045. Evidence simply showing the officer's conduct amounted to a constitutional violation under an objectively reasonable standard is insufficient. *Id.* at 1045. Rather, the plaintiff must allege that the officer intended not only the force, but also intended its unreasonableness. *Id.* The element of "intent" under California Civil Code section 52.1 (the Bane Act) is not the same as the general intent applied in analyzing Section 1983 claims, and merely being present when force was used or even using excessive force is insufficient. *Cornell, supra,* 17 Cal.App.5th at 791-92. In the context of an excessive use of force case, the use of force must be deliberately excessive or spiteful, i.e. did the alleged wrongdoer act for the particular purpose of depriving the person of his/her civil rights. *Id.*

Further, with respect to the Bane Act claim, it cannot be directly alleged against the City for the same reasons negligence cannot be directly alleged against the City.

Accordingly, the Bane Act claim should be dismissed as to these moving Defendants without leave to amend.

## VI.   THE COMPLAINT FAILS TO PLEAD FACTS UPON WHICH TO ALLOW THE PURSUIT OF PUNITIVE DAMAGES AGAINST THESE DEFENDANTS.

Plaintiffs cannot seek punitive damages under state law against the City for any reason, as the City is immune from the imposition of punitive damages. Cal. Gov. Code §818.

The Complaint also does not plead sufficient facts upon which to seek punitive damages against the individual moving Defendants. The claims against the moving Defendants are based on California law, and thus, the state law standards on punitive damages are the applicable standards. As set forth above, the claims for negligence and the Bane Act fail as to these moving Defendants. In addition, under California law, punitive damages are allowed in non-contract cases when a defendant is guilty by clear and convincing evidence of "oppression, fraud, or malice. . .." Cal. Civ. Code §3294. Section 3294 defines the terms as:

    1. "Malice" means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others.

    2. "Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.

    3. "Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

Under California law, to sustain a prayer for punitive damages requires more than the allegation of the mere commission of a tort. *Taylor v. Sup. Ct.*, 24 Cal.3d 890, 894 (Cal.Ct. 1979). Allegations of negligence, gross negligence, or even recklessness are insufficient to sustain a prayer for punitive damages. *Dawes v. Sup.Ct.,* 111 Cal.App.3d 82, 88-89 (Cal.Ct.App. 1980). Punitive damages may be recovered in an action for negligence or other nonintentional torts if the plaintiff adequately pleads (and subsequently also proves) that the defendant acted "conscious disregard" of the potential dangers to others. *Pfeifer v. John Crane, Inc.*, 220 Cal.App.4th 1270, 1299 (Cal.Ct.App. 2013). When malice is based on a defendant's alleged conscious disregard of the person's rights, the conduct must be both despicable and willful. *College*

*Hospital v. Sup. Ct.*, 8 Cal.4th 794, 713 (Cal.Ct. 1994).

For the reasons set forth, Plaintiffs' prayer for punitive damages also should be dismissed as to these moving Defendants without leave to amend.

## VII.    THE COMPLAINT FAILS TO STATE A *MONELL* CLAIM AGAINST DEFENDANT CITY.

Plaintiffs allege Defendant City is liable based on three separate *Monell* theories: 1) unlawful custom, practice or policy; 2) failure to train/supervise; and 3) ratification. Complaint, Second Claim for Relief, ¶¶162-167.  Plaintiffs further summarily allege that Sergeant Hardaker and Sergeant Widman each are a "policy maker" without any facts to support this conclusion.  *See* Complaint, ¶28.

### A.    Requirements to Support a Theory Under *Monell*.

There is no respondeat superior liability under 42 U.S.C. § 1983.  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).  "Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to so do, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee."  *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 405 (1997).  Plaintiffs cannot claim that the City liable under *Monell* simply because it employs an alleged tortfeasor.  Plaintiff's burden in establishing causation under *Monell* is a heavy one.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 378 (1989).

Simply reciting the elements of a cause of action is insufficient to state a *Monell* claim against Defendant City. *AE ex rel. Hernandez*, 666 F.3d 631, 637 (9th Cir. 2012). The Complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011). The Complaint does not comply with the notice requirement of FRCP rule 8, as it does

not set forth sufficient factual allegations.  Thus, the Complaint fails to state a claim against Defendant City under theories of *Monell* liability alleged therein.

**Standard re Custom/Practice/Policy:**  To state a *Monell* claim based on an alleged unlawful custom, practice or policy, Plaintiff must allege sufficient facts showing that Plaintiffs and/or Rommel Mendoza's were deprived of their constitutional rights pursuant to an expressly adopted official policy or a longstanding or widespread custom or practice of the City.  *Monell*, *supra,* 436 U.S. at 694; *Jackson v. Barnes*, 749 F.3d 755, 763 (9th Cir. 2014).  Evidence of a single incident of unconstitutional use of force, without more, will not suffice to establish municipal liability. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985).

"An unofficially adopted practice or custom 'may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.'' *Wettstein v. Cnty. Of Riverside*, No. EDCV19-01298 JGB (KKx), 2020 U.S. Dist. LEXIS 81978, 2020 WL 2199005, at *4 (C.D. Cal. Jan. 22, 2020) (*quoting Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

Moreover, "[w]here the controlling law places limits on [law enforcement officers'] authority, they cannot be said to have the authority to make contrary policy. . . . Such results would not conform to *Monell* and the cases following it. . ..  A sheriff, for example, is not the final policymaker with respect to the probable-cause requirement for a valid arrest. He has no alternative but to act in accordance with the established standard; and his deliberate or mistaken departure from the controlling law of arrest would not represent municipal policy." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 486 (1986) (White, J., concurring).  Where a subordinate executes the policy in an unreasonable manner, the plaintiff may sue that employee individually.  In such instances, the claim does not lie with the public entity itself.  *See Pembaur, supra*.

Plaintiffs also must allege, in non-conclusory fashion, that the City's policy, custom or practice was the "moving force" behind the violation.  *See Tuttle*, *supra*, 471

U.S. at 818-20. "At the very least there must be an affirmative link between the policy and the particular constitutional violation alleged." *Id*. at 823. The City also must act with deliberate indifference, which is a conscious choice to follow a course of action among various alternatives. *Harris*, *supra,* 489 U.S. at 384. Mere negligence, even gross negligence, is not "deliberate indifference." *Merritt v. County of Los Angeles*, 875 F.2d 765, 769 (9th Cir. 1989) (*citing Harris, supra*).

In addition, there must be a directive or order attributable to a final municipal policymaker. *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986). The mere fact that a final policymaker defers to the discretionary decision of or agrees with the opinions and recommendations of a subordinate does not turn the subordinate's decision into official policy. *City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988). In order for the actions of a lower-level employee to give rise to a *Monell* claim, those actions must be persistent and widespread and the official policymaker must take no corrective action. *Monell, supra*, 436 U.S. 658; *Tuttle, supra*, 471 U.S. 808; *Praprotnik, supra*, 485 U.S. 112.

**Standard re Ratification:** To state a claim for ratification under *Monell*, Plaintiff must allege that a final policymaker approved of the subordinate's alleged unconstitutional actions and the basis for it. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988); *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir.1999). "[R]atification requires both knowledge of the alleged constitutional violation, and proof that the policymaker specifically approved of the subordinate's act." *Lytle v. Carl*, 382 F.3d 978, 987-88 (9th Cir.2004) "For a person to be a final policymaker, he or she must be in a position of authority such that a final decision by that person may appropriately be attributed to the [defendant public body]." *Jett v. Dallas Indep. Sch. Dist*., 491 U.S. 701, 737-38 (1989); *see also Lytle, supra,* 382 F.3d at 983. Plaintiff must show that an official, final policymaker involved has adopted and expressly approved of the acts of Defendant. *Trevino v. Gates*, 99 F.3d 911, 920 (9th Cir.1996). Ratification generally requires more than acquiescence. *Sheehan v. City & Cnty. of San Francisco*, 741 F.3d

1211, 1231 (9th Cir. 2014), rev'd in part, on other grounds, *City & Cty. of San Francisco, Calif. v. Sheehan,* 135 S. Ct. 1765 (2015).

There must be sufficient facts that the final policymaker "made a deliberate choice to endorse" Defendant's actions. *Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir.1992). The final policymaker must "have knowledge of the constitutional violation and actually approve of it," the "mere failure to overrule a subordinate's actions, without more, is insufficient" to allege municipal liability under Section 1983. *Sheehan, supra*, 743 F.3d at 1231. Even the mere failure to discipline employees, without more, is insufficient to establish municipal liability under a ratification theory. *See Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1253 (9th Cir. 2010), rev'd on other grounds, *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) [holding that the mere allegation that employees were not disciplined for violations of plaintiffs' constitutional rights was insufficient to establish ratification].

**<u>Standard re Failure to Train/Supervise:</u>** To state a claim for failure to train or supervise under *Monell*, the Complaint must show a pattern of inadequate training which amounts to a deliberate indifference to the rights of persons with whom the inadequately trained employee comes into contact. *See Brown, supra*, 520 U.S. at 409-11 (1997); *Davis v. City of Ellensburg*, 869 F.2d 1239 (9th Cir. 1989); *Tsao v. Desert Palace, Inc.,* 698 F.3d 1128, 1143 (9th Cir.2012). The Supreme Court has held that evidence that "a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program.'" *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). Nor is it sufficient to establish that an incident could have been avoided if the officer had more training. *Id*. at 391. Instead, plaintiffs must allege facts which show "that the deficiency in training actually caused" the allegedly improper conduct. *Id*.

"Proof of a single incident of unconstitutional activity is not sufficient to impose [municipal] liability" under a failure-to-train theory. *Tuttle, supra*, 471 U.S. 808, 823–

24 (1985); *Szajer v. City of L.A.*, 2008 WL 11350227, at \*7 (C.D. Cal. Nov. 12, 2008) ["[M]unicipal liability based upon failure to train cannot be derived from a single incident."), aff'd, 632 F.3d 607 (9th Cir. 2011)]. The Complaint must allege that facts showing that the public entity was on notice of a constitutionally significant gap in its training, i.e. there was a "pattern of similar constitutional violations by untrained employees." *Connick v. Thompson*, 563 U.S. 51, 62 (2011).

### B.    The Complaint In This Case.

Here, Plaintiffs have not complied with the notice requirement of FRCP rule 8. Plaintiffs have not alleged any facts that any purported unconstitutional custom, practice or policy was the moving force behind Officer Harty's alleged use of excessive lethal force. The actions alleged do not represent City policy or even the law as it pertains to use of lethal force. Instead, the alleged actions reflect a discretionary decision by Officer Harty as to what would be a reasonable use of deadly force under the totality of the circumstances facing him at the time he made that decision. At most, the Complaint alleges a *failure* to follow policy. An alleged failure to follow policy does not transform a policy into an unconstitutional one. The other incidents that Plaintiffs "illustrate the use of excessive deadly force" based on unconstitutional customs, policies and practices, *see* Complaint, ¶27 and its subparts, clearly allege that these incidents were deemed "out of policy"; and thus, they cannot logically support a claim for an alleged unconstitutional policy.

Further, the complaint specifically states that Officer Harty had "more training" than the average patrol officer; thus, there is no basis for a claim based on failure to train. Again, an alleged failure to heed one's training does not equate to a failure to train by the City and/or LAPD.

/ / /

/ / /

/ / /

1  **VIII. <u>PLAINTIFFS SHOULD NOT BE GRANTED LEAVE TO AMEND, AS</u>**
2  **<u>AMENDMENT IS FUTILE AND ANY AMENDMENT WOULD</u>**
3  **<u>POTENTIALLY VIOLATE FRCP RULE 11.</u>**

4  For the reasons set forth above, Plaintiffs should not be allowed to amend their
5  complaint as to these moving Defendants.  There is no factual basis or cognizable legal
6  grounds for asserting a negligence claim or a Bane Act claim against these individual
7  Defendants, and there are no cognizable grounds for asserting any *Monell* claim against
8  Defendant City.  Although the Court cannot look beyond the four corners of the
9  complaint in deciding a motion to dismiss, there is nothing preventing the Court from
10 considering outside evidence when deciding whether to allow leave to amend.  Here, as
11 Plaintiffs' current discovery dispute raised with the Court, it would be futile to allow
12 amendment in this case.  Plaintiffs certainly cannot amend their *Monell* claims without
13 violating FRCP rule 11, as they know that Sergeant Hardaker and Sergeant Widman
14 were, and are, not policymakers for Defendant City[4].  Plaintiffs also know that Officer
15 Harty's actions were found to be out of policy by the Board of Police Commissioners.
16 Thus, there is no legal or factual basis for any theory under *Monell*, including on the
17 basis of alleged ratification.
18 / / /
19 / / /
20 / / /

---

25 [4]  The Board of Police Commissioners sets the policies for the LAPD.  *See*
26 https://www.lapdonline.org/police-commission/   The Chief of Police is the general
manager of the Police Department, and is responsible for the planning, efficient
27 administration and operation of the Police Department under the authority of the Board
28 of Police Commissioners.  *See* https://www.lapdonline.org/office-of-the-chief-of-police/

1

**IX.    CONCLUSION.**

2

      Based on the foregoing, these moving Defendants respectfully request that the

3

Court grant their motion to dismiss under FRCP 12(c) in its entirety, without leave to

4

amend.

5

6

Dated: March 29, 2022       **MICHAEL N. FEUER**, City Attorney

7

                           **SCOTT MARCUS,** Chief Assistant City Attorney

                           **CORY M. BRENTE,** Senior Assistant City Attorney

8

                           **COLLEEN R. SMITH**, Deputy City Attorney

9

10

                    By:      */s/ Colleen R. Smith*

11

                         **COLLEEN R. SMITH**, Deputy City Attorney

                    Attorneys for Defendants, **CITY OF LOS ANGELES,**

12

                    **SERGEANT DAN WIDMAN, OFFICER SCOTT,**

                    **OFFICER JUAN GALVAN, OFFICER SIERRA**

13

                    **AND OFFICER KELLY**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28